The opinion below is hereby signed. Dated: May 24, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| EDUARDO R. POTILLO, | ) | Case No. 04-00146 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LONGFELLOW APARTMENTS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 04-10046 |
| EDUARDO R. POTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION RE MOTION FOR SANCTIONS AND COSTS

This opinion addresses the plaintiffs' Motion for Sanctions and Costs (Docket Entry ("DE") No. 47). An earlier Order (DE No. 45 entered March 30, 2005) partially granted the plaintiffs' Motion for Show Cause Order Against Defendant Potillo for Failure to Comply with Court Order Compelling Disclosure and Discovery (DE No. 19, filed November 18, 2004). The Order provided that it

was:

> ORDERED that within fifteen (15) days after the date of entry of this Order, the debtor shall pay an amount equal to Five Hundred Dollars ($500) as the reasonable expenses incurred by plaintiffs in making the subject motion and pursuing discovery of the subject materials, including attorneys' fees. Such payment shall be made by money order or bank check, payable to plaintiffs' counsel and delivered to the plaintiffs' counsel's address of record.

The Order further recited the court's conclusion that the debtor should bear the burden and expense of recovering the requested bank records from the bank, and the court directed that the plaintiffs were free to file a motion seeking reimbursement from the debtor for the costs of retrieving the bank records. The plaintiffs have incurred $2,637.50 in costs in subpoenaing bank records from banks.

In the instant motion, the plaintiffs seek (1) sanctions for the debtor's failure to pay the $500; (2) reimbursement of the $2,637.50 in bank subpoena costs; and (3) a recovery of the plaintiffs' attorney's fees incurred in pursuing the motion.

I

With respect to the failure to pay over the $500, the court deems sanctions to be inappropriate as that would amount to utilizing contempt sanctions to collect a monetary obligation. A court's contempt powers are not ordinarily used in the enforcement of a monetary judgment. Instead, the plaintiff resorts to execution remedies under F.R. Civ. P. 69. "[W]hen a

2

party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir.), cert. denied sub nom. Simmons v. Combs, 479 U.S. 853 (1986). Accord, Estate of Bonham, 817 A.2d 192, 195-96 (D.C. 2003) (use of contempt to collect counsel fee award); Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir. 1997); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147-48 (9th Cir. 1983); Chase & Sanborn Corp. v. Nordberg, 872 F.2d 397 (11th Cir. 1989); In re Property of Adam, 100 P.3d 77, 87 (Haw. Ct. App. 2004); Ardex Labs., Inc. v. Cooperider, 319 F. Supp. 2d 507 (E.D. Pa. 2004) (writ of execution, not contempt, proper course for enforcing award of attorney's fees).[1]

---

[1] As observed in Baxter State Bank v. Bernhard, 186 F.R.D. 621 (D. Kan. 1999):

> The court notes that, as a general rule, courts addressing the execution of judgments hold that "the proper means ... to secure compliance with a money judgment is to seek a writ of execution." Hilao v. Estate of Marcos, 95 F.3d 848, 854 (9th Cir. 1996) (quoting Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir.1983)). According to MOORE'S FEDERAL PRACTICE,
>
>> Rule 69(a) provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." This language appears to contemplate a means to enforce money judgments other than by writ of execution. However, such other means are confined only to cases in which established principles warrant equitable relief, such as

3

The order to pay $500 was a compensatory fine based on the debtor's failure to preserve records, thereby necessitating the plaintiff's earlier motion. It constituted a judgment (albeit not yet cast as a final one under F.R. Civ. P. 54(b) for which execution could commence), and is enforceable like any other fine, civil or criminal, imposed by the courts to compensate for or deter misconduct, and treated like other civil monetary judgment awards. This is explicitly so in the case of criminal fines (see 18 U.S.C. § 3613 (judgment imposing a criminal fine is collectible using procedures for collection of civil judgment)) and is implicitly so in the case of civil fines.

Contempt is available to assist in the collection of such a monetary judgment only in rare circumstances, none of which exist here. For example, if a debtor has failed to turn over assets required to be turned over pursuant to an inquiry into assets

---

> when execution would be an inadequate remedy. For example, enforcement through the imposition of a contempt sanction would not be authorized absent exceptional circumstances.

13 MOORE'S FEDERAL PRACTICE 3D § 69.02 (1997). See also Combs v. Ryan's Coal Co., . . .; Gabovitch v. Lundy, 584 F.2d 559, 560-61 (1st Cir. 1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule").

available to satisfy the judgment (cf. 28 U.S.C. § 3204 (remedy of an installment payment order), contempt may be an appropriate means of enforcing the judgment.  See Freeman v. Heiman, 426 F.2d 1050 (10th Cir. 1970)(order to pay judgment in installments, based on hearing on assets, was enforceable by contempt);  Atlas Corp. v. DeVilliers, 447 F.2d 799, 803 (10th Cir. 1971).  See also Adam, 100 P.3d at 87-89 (contempt is utilized only when execution has proven to be an inadequate remedy, and there is a demonstrated ability to comply).[2]  Similarly, if the debtor avoids a writ of execution by misleading the marshal and liquidating assets, thus engaging in a contempt of the court's writ, contempt sanctions may be available to coerce payment of the judgment.  Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494 (7th Cir. 1990).

Finally, the courts have used the contempt power to assure compliance with a federal statute requiring payments to a class of beneficiaries.  See Combs, 785 F.2d at 980 n.4; Pierce v. Vision Investments, Inc., 779 F.2d 302 (5th Cir. 1986) (prohibition of 28 U.S.C. § 2007(a) against imprisonment for debt in Texas did not apply to judgment obtained by Secretary of Housing and Urban Development requiring developer to escrow

---

[2]  In this adversary proceeding, no inquiry has been held to identify assets to be turned over to satisfy the monetary sanction award (and the court has not determined whether such an approach is appropriate under F.R. Civ. P. 69 and the law of the District of Columbia which it incorporates).

5

monies to pay to purchasers who had been harmed by violations of Interstate Land Sales Full Disclosure Act).  Similarly, this court has concluded in other cases that orders directing disgorgement of fees by an attorney or petition preparer are enforceable by contempt because they constitute a restitutionary remedy intended to protect debtors with respect to fees that conferred upon them no benefit.  The compensatory fine here was a damage award, not an order partaking a restitutionary character.

The order here did direct that the $500.00 be paid within 14 days.  However, that command did not specify that payment partook the character of turnover or specify that failure to pay would be on pain of contempt.  The command should be viewed as merely setting a deadline before the court would issue an order permitting execution to commence.

The $500.00 award was implicitly based on F.R. Civ. P. 37 (authorizing awards of fees in discovery matters).  While Bonham, 896 A.2d at 196 n.7, left open the question whether monetary sanctions imposed under the analogs of F.R. Civ. P. 11, F.R. Bankr. P. 9011 and F.R. Civ. P. 37 ought to be treated differently than other monetary awards, the court can discern no rational basis, in the circumstances of this proceeding, for according the award here different treatment than other monetary awards.  Once a compensatory award is made under one of those rules, it fixes the damages and leaves collection of the award a

6

separate matter.  Although a court can treat payment of such an award as a condition to a defendant's continued defense against a plaintiff's claims, that remedy ought to be used with restraint if a defendant is *not* able to pay the award, and the circumstances here do not yet warrant imposition of that remedy if the debtor is unable to pay the $500.[3]  If the debtor *is* able to pay the award, execution is ordinarily an adequate remedy to secure such payment, and exploration of the debtor's ability to pay would require a devotion of valuable court resources.  The court thus deems it inadvisable to engage in an inquiry regarding whether the debtor has the ability to pay the $500.

Because coercive contempt sanctions may not be employed to collect a monetary judgment, it follows that compensatory contempt sanctions are equally unavailable.  Ordinarily, the so-called American rule is that attorney's fees are not recoverable in litigation or in the collection of a judgment.[4]  To the extent

---

[3]  However, a failure to comply with a discovery order can lead to a judgment by default.  F.R. Civ. P. 37(b)(2)(C).  And a consideration in deciding whether to grant such a judgment can be a plaintiff's being subjected to attorney's fees for addressing persistent failures to comply with discovery by a defendant who is unable to pay awards of such fees, and who appears to be putting the plaintiff to the expense of such fees as a way of discouraging the plaintiff from pursuing its claims.  Here, the court settled on a sanction short of a default judgment, and an award of the $500 in attorney's fees.  If the court had known that the defendant is unable to pay that $500, that would not have altered the sanctions the court imposed.

[4]  The court does not address whether fees incurred in collecting a compensatory contempt award can be treated as

7

that the plaintiffs seek to recover damages for the delay in payment, that is a question of interest, to which they are entitled as discussed next.

Because the plaintiffs must treat the $500.00 award as a monetary judgment, the plaintiff is entitled to recover interest on the judgment.  The $500.00 judgment was not made a final judgment, and thus there has been delay in payment from April 13, 2005 (the date by which the $500.00 was payable) to the date of entry of a final judgment pursuant to the judgment issued as a result of this opinion.  Pre-judgment interest will be awarded from April 13, 2005, at the federal judgment rate in effect on that date of 3.33 % per annum.  Accordingly, pre-judgment interest of $1.87 will be awarded, for a final judgment amount of $501.87.  The final judgment of $501.87 will bear interest after entry of the judgment as provided by 28 U.S.C. § 1961.

II

The plaintiffs are also entitled to recover their $2,637.50 in costs incurred in subpoenaing bank records.  Because the debtor has already failed to comply with the order giving him 14

---

damages traceable to the contempt (recoverable as a compensatory contempt sanction) and hence an exception to that rule.  The court did not premise its $500 award based on contempt but instead based on a failure to comply with discovery obligations (namely, a failure to alert the plaintiffs that the storage company at which the records were stored was going to destroy the requested records based on the debtor's failure to pay storage fees).

days to pay the $500 award, the court will simply enter judgment for the $2,637.50 instead of directing payment within a set time.

### III

The plaintiffs seek attorney's fees in pursuing the instant motion.  The motion devoted minimal time to the $500 award and primarily addressed the $2,637.50.  Because that part of the motion was necessitated by the debtor's failure to safeguard discovery materials, the court deems it appropriate to award attorney's fees.  A reasonable fee for the pursuit of that part of the motion is $500.  (Neither party has questioned the propriety of the court's $500 fee award with respect to the earlier motion, and the pursuit of the $2,637.50 is work of a comparable nature and magnitude.)

### IV

A judgment follows awarding $3,639.37, the sum of $501.87 arising from the prior order (as set forth in part I above), $2,637.50 in subpoena costs (part II above), and $500 in attorney's fees (part III above).  Pursuant to F.R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay and expressly directs the clerk to enter the judgment as a final judgment.

[signed and dated above]


Copies to: All counsel of record